JOHN W. HARTZELL & CO. v. MARY E. WARREN.

1. CONSTITUTIONAL LAW.

The act entitled "An act to prohibit the use of fictitious names in partnership," passed May 19, 1894 (91 O. L. 357), is not in conflict with section 16, art. 1, or section 28, art. 11 of the constitution.

2. "MAINTAIN" DEFINED.

The word "maintain" in section 6 of same act, as used therein, is intended to include the bringing of an action, as well as the carrying of it on hereafter.

3. WHAT DEFECTS IN PLEADING MAY BE RAISED BY DEMURRER.

Want of legal capacity in the plaintiffs to bring the action, can be raised by demurrer, only when the incapacity appears on the face of the petition; and, in an appeal case, the court cannot look to the transcript of the justice for evidence of facts in support of such a demurrer. McCullough v. Cramblett, 1 C. C. R., 330, overruled.

4. PLEADING UNDER ACT RELATING TO FICTITIOUS PARTNERSHIPS.

It is not necessary, however, for the plaintiffs to allege in their petition, that they have complied with the requirements of said act before the bringing of the suit and a demurrer will not lie to the petition for want of such averment. That is a matter of defense to be taken advantage of by answer.

5. COMPLIANCE WITH ACT BEFORE COMPLAINT OF FAILURE.

Where such partners have complied with the requirements of such act before any attempt to take advantage of their failure to comply therewith is made by the defendant, the action should not be dismissed, but should be permitted to proceed, upon such terms as to costs as may be just and reasonable.

ERROR to the Court of Common Pleas of Columbiana county.

LAUBIE, J.

This is a proceeding brought to reverse the judgment of the court below in an action brought by John W. Hartzell and John F. Patterson, partners, under the firm name of John W. Hartzell & Co., plaintiffs in error, against the defendant in error, before a justice of the peace, to recover upon a debt due to them from the defendant, in which the court sustained a demurrer to the second amended petition, and dismissed the proceeding.

The question presented to the court was in reference to the construction of the act entitled, "An act to prohibit the use of fictitious

names in partnership," passed May 19, 1894 (91 O. L., 357), and the court held that these parties plaintiff, as partners, had no legal capacity to sue, and therefore the petition should be dismissed.

Section 1 of that act provides, "That except as otherwise provided in the next section, every partnership transacting business in this state under a fictitious name, or a designation not showing the names of the persons interested as partners in such business, must file with the clerk of the court of common pleas of the county in which its principal office or place of business is situated, a certificate stating the names in full of all the members of such partnership and their places of residence, and publish the same once a week for three successive weeks in a newspaper published in the county, if there be one, and if there be none published in such county, then in a newspaper published in an adjoining county."

Section 6 provides, "That after the passage and approval of this act, any persons doing business as partners contrary to the provisions of this act, shall not maintain an action on or on account of any contracts made, or transactions had in their partnership name in any court of this state, until they shall have first filed the certificate and made the publication herein required; provided, however, that if such partners shall at any time comply with the provisions of this act, then such partnership shall have the right to maintain an action on all such partnership contracts and transactions entered into prior as well as after such compliance with this act."

The demurrer to the petition was special: "That the plaintiffs have not the legal capacity to sue."

Counsel for the plaintiff in error claims that this statute is unconstitutional; that it is retroactive in its terms, and applies to past transactions. We think this contention is not well taken, and is not sustained by the language of the act. While it took effect immediately upon its passage and, by its terms, applies at once to partnerships and to transactions theretofore entered into, yet there is a saving clause, "that if such partners shall at any time comply" with the requirements of the act, then they may sue in their copartnership name upon all contracts and transactions entered into prior thereto; and they are not, therefore, cut off from recovering their debts by reason of the fact that the act took effect immediately upon its passage and approval.

It is also contended that the act is unconstitutional because it throws a burden upon one class of citizens and not upon all alike. This contention, we also think is not well founded, because the statute applies to all citizens of the state alike. It is true, not all the citizens of the state may be engaged in partnerships, but that does not affect the question. It applies alike to all the citizens of the state doing business under the conditions referred to.

Again, it is said, that the prohibition in section 6, does not prohibit the bringing of actions, its language being, "Shall not maintain an action" on account of such transactions. The contention is, that the word "maintain" does not include the beginning or commencement of an action, and that the action may be commenced and thereafter the provisions of the act complied with, or a right to recover may thereafter belong to the parties by showing that after the commencement of the action they had complied with the provisions of the act. In this we cannot agree with counsel for the plaintiff in error. We think the word "maintain," as used in the act, includes the beginning of the action as well as its subsequent prosecution.

Hartzell & Co. v. Warren.

A more difficult question in the case, is whether or not the court properly sustained the demurrer to the petition, on the ground that the parties plaintiff had no legal capacity to sue. Where that is the point desired to be made in a proceeding, when and how may it be taken? When may it be raised by demurrer? The statute settles that question.

Section 5062 of the Revised Statutes, declares when a demurrer may be filed for that purpose.

"Sec. 5062. The defendant may demur to the petition only when it appears on its face either:

"1. That the court has no jurisdiction of the person of the defendant, or the subject of the action.

"2. That the plaintiff has not legal capacity to sue."

And again, section 5063 provides, "When any of the defects enumerated in section five thousand and sixty-two do not appear upon the face of the petition, the objection may be taken by answer."

The statute is express and positive, that the defendant may, in such case, demur to the petition only when it appears upon the face of the petition that the plaintiff has not legal capacity to sue.

In O'Neil v. Blessing, 33 Ohio St., 34, there was a demurrer to the second amended petition on the ground " that this court has no appellate jurisdiction of the subject matter of this suit," under subdivision 1 of said section 5062.

That case came into the court of common pleas by appeal, and the contention was, that the justice of the peace had no jurisdiction, and consequently the common pleas had none. On that question the court (p. 37) says:

" The plaintiff, by leave of the court, filed a second amended petition. To this, a demurrer was filed and sustained, on the ground 'that the court had no appellate jurisdiction of the subject matter of the action.' There were two reasons, at least, why this demurrer should have been overruled. First—The petition did not show on its face that the action had come into that court by appeal, and the demurrer did not, therefore, raise the question of jurisdiction."

We cannot resort to the transcript, or to the papers in the action other than the petition to sustain a demurrer on the ground of want of capacity to sue, or for want of jurisdiction.

If the defect does not appear on the face of the petition, the only remedy to a party who wishes to avail himself of it is by answer. See also Whittaker's Annotated Code, under the head of demurrer.

So well established is this rule, that where a paper is attached to a petition as an exhibit, not authorized by law to be made a part of the petition, and not made a part of it in terms, it is held that it cannot be looked at in aid of the averments of the petition; and consequently, on the other hand, it cannot be looked at to modify or defeat the effect of such averments.

I was the dissenting member of the court in McCollough v. Cramblett, 1 C. D., 182, and it follows from our present holding that that case is now overruled; but we do not thereby mean to be understood as holding that the overruling of the demurrer in that case was such prejudicial error as called for a reversal of the judgment in the case.

In this petition it does not appear on its face that the plaintiffs had not complied with the requirements of the statute before the action was commenced. It states when they complied with it, having been com-

pelled to do so upon motion, but it does not appear on the face of the. petition that that was after the action was commenced before the justice of the peace. In order to ascertain that fact, the court must have resorted to the transcript to find when the action was commenced before the justice of the peace, and then have compared that date with the date. alleged in the petition when the plaintiffs complied with the requirements of the statute.

But in any event, were the plaintiffs obliged to aver that they had complied with the provisions of this act in order to maintain the suit?

An opinion has been published, since the argument of this case. ( *The New Carlisle Bank* v. *Brown,* 1 O. C. D., 54,) to the effect that it is requisite in order to make a cause of action, or show a capacity to sue, that the petition should contain an averment of compliance with the requirements of the act before suit brought. It is there held:

"To entitle such partnership to 'maintain an action,' it is necessary that compliance with the conditions mentioned should be averred in the petition. The absence of such an averment would render the pleading obnoxious to a general demurrer, or to a special demurrer on the ground of want of legal capacity to sue; that is, if it otherwise appeared in the petition, as in this case, that the firm was within the prohibition of the statute.

"The defendant should not be driven to tender an issue in respect to compliance with such conditions—vital, as we have seen, to the maintenance of such action—if such compliance is not a fact. If the fact exists, the plaintiff can easily aver it *in liminee*, thus avoiding delay which would ensue if such fact was available only by way of defense. The plaintiff must bring himself within the terms of the statute by affirmative averments, showing his right to sue. *Haskins* v. *Alcott,* 13 Ohio St., 210, 216."

We cannot agree with that learned court in this holding; and the case of *Haskins et al.* v. *Alcott et al.,* 13 Ohio St., 210, cited to support it, is opposed to such holding, when properly considered. That was a case where the plaintiffs had filed a petition in a firm name, not setting out the names of the individuals composing the firm, nor alleging that it was a firm engaged in doing business in this state. It is there said:

"It is an elementary principle in pleading, that where a statute, upon certain conditions, confers a right, or gives a remedy, unknown to the common law, the party asserting the right, or availing himself of the remedy, must, in his pleading, bring himself, or his case, clearly within the statute.

"A suit by or against a company not incorporated by its firm name, without disclosing the names of the several partners, could not be maintained at common law. It lacked the certainty deemed essential to judicial proceedings. * * * This somewhat inconvenient rule has been modified in part by the statute above referred to ( Rev. Stat., section 5011), but the act, as we construe it, only permits this to be done by and against unincorporated companies doing business within this state. It would, therefore, seem to follow, that the averment that the plaintiffs are a firm doing business by that name, without superadding 'within this state' or other equivalent words, would not entitle them to maintain an action in the name of the firm. The plaintiffs do not bring themselves within the statute creating the exception."

And upon the more difficult question as there said, how the defendants may take advantage of the defect, the court came to the con-

clusion that a demurrer would reach it where it does not appear upon the face of the petition that such firm was formed for the purpose of doing business within the state. That was a case where the plaintiffs had no capacity to sue at common law in the name of the firm without disclosing the names of individual members. Such remedy was a new one, given by statute only, and hence it was properly and well held that the petition must show that they were of the class to whom the remedy was awarded by the statute. But that is not the case here. Here the parties had a right at common law to sue in the name of the firm by stating the names of the individual members of the firm. Having alleged the names of the persons comprising the firm, they were not required to allege anything more to show their capacity in law to maintain the action. It is therefore an entirely dissimilar case from the case cited. In that case the statute in question was an enabling statute, while in this case it is a disabling, or partially disabling one. Some illustrations under other disabling provisions of law, written and unwritten, will make this plain. All persons have a right to sue in their own names, unless they are under the disability of infancy, coverture, insanity or under guardianship as habitual drunkards. Would a demurrer lie to a petition, on the ground of incapacity of the plaintiff to sue, because it did not allege that the plaintiff was of legal age, or was of sound mind, or if a woman, that she was unmarried; or, that plaintiff was not under guardianship as an habitual drunkard? Or if aliens were prohibited from suing, that the plaintiff was not an alien? In such cases, would a motion lie to compel the plaintiff to state when he became of age, or that he was of sound mind, etc., etc., as was done in this case, where upon motion of the defendant, the plaintiffs were compelled to state whether they had complied with the requirements of this act, and when.

These plaintiffs having the right at common law to maintain the action in the character in which they sue, if the defendant desired to take advantage of their non-compliance with the requirements of the statute, it should have been done by answer.

The fact that the plaintiffs had not complied with the requirements of the statute was not a fact peculiarly within their own knowledge; an inspection of the record in the clerk's office would have disclosed it.

We think the court below erred in sustaining the demurrer to the petition.

Again, we think the court should not have dismissed the petition, assuming that it was asked to do so because the plaintiffs had not complied with the requirements of this statute when the action was commenced.

It appears by the record, that the action before the justice of the peace was commenced but a few days before the certificate was filed by these parties with the clerk of court, as required by the statute in question. The court dismissed the petition, after sustaining the demurrer, and rendered judgment for costs against the defendant. We think that was a mistake, because averment of capacity to sue under our statute is a matter of amendment as well as anything else. It is to be governed by the general rules as to amendments, and to be allowed, if equitable and just, and in furtherance of justice. The petition in this case was filed long after the parties had complied with the provisions of the statute, and, although the action itself had been commenced before such compliance, yet the plaintiffs were then in a position, under this statute, to sue on the past transaction.

This question was substantially passed upon in *Becker* v. *Walworth*, 45 Ohio St., 174, 175, where it is said:

"The filing of the first petition in the case is claimed to constitute an election. In the caption to that pleading the defendant was described as 'Michael Becker, executor of the estate of Abram Rafenstein, deceased,' and in the body the allegations purported to charge him as executor. Before answer, on leave, the petition was amended so as to charge him personally. This leave was granted without prejudice to defendant's right to insist that plaintiff had elected to make her claim against him as executor, and not personally.

"Our practice encourages great liberality in pleading, and the code enjoins the duty of allowing amendments at all stages of a case in furtherance of justice. The commencement of the action by the filing of an original petition against defendant as executor worked no prejudice to him, and it is not easy to see why such commencement of the action should preclude amendment on the part of the plaintiff in order to charge him personally. It was no more than the discontinuing of one action and the commencement of another, and this may have been induced by the discovery that the one would prove wholly fruitless."

The reasons there given, apply in this case.

The statute in question provides that if such partners shall at any time comply with its provisions, then such partnership shall have the right to maintain an action on all past transactions. So that the real question is simply as to the costs, in such a case. All that the defendant can justly claim, is that the plaintiffs shall pay the costs of the action up to that time, because, if dismissed, they have the right to immediately bring another suit for the same cause.

There is another reason why the case should not have been dismissed as disclosed by the papers and by the statement of counsel in argument; and that is, that plaintiffs commenced suit by an attachment because of non-residence, and levied upon the property of the defendant about to be taken out of the state. The plaintiffs would lose the benefit of their lien if their action was dismissed; and the property has, in fact, been placed beyond their reach.

The case must be reversed and remanded for further proceedings.

*C. D. Dickinson*, for Plaintiffs in Error.

*J. B. Morgan*, for Defendant in Error.